



## MEMORANDUM OPINION

No. 04-11-00280-CR

Oscar **ELIZONDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-7707W
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:        Sandee Bryan Marion, Justice
              Phylis J. Speedlin, Justice
              Marialyn Barnard, Justice

Delivered and Filed:   November 2, 2011

AFFIRMED; MOTION TO WITHDRAW GRANTED

Oscar Elizondo pled no contest to the offense of continuous violence against family, and received five years' deferred adjudication community supervision plus a $1,500 fine. Six months later, the State filed a motion to adjudicate guilt and revoke community supervision alleging Elizondo committed several violations of his community supervision by failing to submit to drug testing, failing to pay court costs and administrative fees, failing to report, failing to complete community service hours, and failing to apply for family violence counseling.

Shortly thereafter, the State filed an amended motion to adjudicate guilt and revoke community supervision alleging additional violations including commission of another offense of continuous violence against family. At the revocation hearing, Elizondo pled "true" to multiple violations. The trial court found the alleged violations true, and proceeded to adjudicate Elizondo guilty of continuous violence against family, a third degree felony. *See* TEX. PENAL CODE ANN. § 25.11 (West 2011). The trial court sentenced Elizondo to eight years' imprisonment and imposed a $1,500 fine. Elizondo appeals the trial court's judgment. We affirm.

Elizondo's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In the brief, counsel raises no arguable appellate issues,[1] and concludes this appeal is frivolous and without merit. The brief meets the *Anders* requirements. *See id*.; *see also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Elizondo with a copy of the brief and motion to withdraw, and informed him of his right to review the record and file his own *pro se* brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Elizondo did not file a *pro se* brief.

After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, the judgment of the trial court is affirmed. *See id.* Appellate counsel's motion to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

---

[1] Counsel raises three "minimally-arguable points of error," which he concludes will not support an appeal.

No substitute counsel will be appointed. Should Elizondo wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Phylis J. Speedlin, Justice

DO NOT PUBLISH